PER CURIAM:
Claimants brought this action for damage to their 1999 Lincoln Continental which occurred when claimant Donna Toler was driving west on Route 99 in Raleigh County, and the vehicle struck rocks in the roadway. Respondent is responsible for the maintenance of Route 99 in Raleigh County. The Court is of the opinion to deny this claim for the reasons set forth herein below.
On January 3, 2003, claimants were proceeding from a hospital in Beckley to their home in Cyclone, Wyoming County. It was just after midnight and it was foggy. It had been raining with mixed snow. They were traveling on Route 99 in the area of Bolt Mountain with claimant Donna Toler driving the vehicle and claimant Randall Toler in the right front passenger seat. As claimant Donna Toler proceeded at twenty to twenty-five miles per hour, she drove into a curve from a straight stretch of the road. She testified that she suddenly felt the vehicle scraping and being lifted up, and she realized that the vehicle had passed over rocks in the roadway. She had not seen the rocks prior to driving over them. Claimants had to stop to add fluids to their vehicle and they then drove to their destination in Wyoming County. Claimant Donna Toler testified that she had seen rocks both in the road and on the berm at this area of Route 99 on previous occasions but she had been able to avoid driving over the rocks. Claimants’ vehicle sustained damage to the fuel pump, fuel hose, and connections which cost $980.23 to repair. Claimants cany insurance coverage with a deductible of $250.00 and claimants are limited to a recovery of the amount of the deductible. Claimants also incurred an expense of $157.66 for renting another vehicle for four days while their vehicle was repaired.
Johnny Bass, a foreman for respondent in Raleigh County, explained that Route 99 is a two- lane road which proceeds over Bolt Mountain. Respondent has “Falling Rock” signs at various locations on this road because it is known for having rocks fall from the hillsides. Some sections of the road have hillsides along both sides of the road and other areas have a hillside on one side only. The berm varies from five feet to twelve feet in width on Route 99 in Raleigh County. Respondent has not taken any precautions to prevent rock falls other than cleaning the rocks from the roadway after rock falls occur.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl.103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous *140 condition posing injury to person or property is insufficient to justify an award.
Coburg v. Dept. of Highways, 16 Ct. Cl. 68 (1985); Hammond v. Dept. of Highways, 11 Ct24
In the present claim, claimants have not established by a preponderance of the evidence that respondent failed to take adequate measures to protect the safety of the traveling public on Route 99 in Raleigh County. Respondent has placed “Falling Rock” warning signs to warn the traveling public of the potential for rock falls at this location and respondent reacts as soon as it receives notice that rocks have fallen into the road.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.